T.E. WHEELER, II
Acting Assistant Attorney General
Civil Rights Division

FARA GOLD
Special Litigation Counsel
MAURA WHITE
Trial Attorney
Criminal Section, Civil Rights Division
United States Department of Justice
601 D ST NW
Washington, DC 20004
202-305-1896/202-616-5103
fara.gold@usdoj.gov/maura.white@usdoj.gov

Attorneys for Plaintiff
United States of America

PHILLIP A. TALBERT
United States Attorney
TODD A. PICKLES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

**SEALED**

**FILED**
MAR 14 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES FOR A CELLULAR TELEPHONE ASSIGNED CALL NUMBER (702) 964-4821 | CASE NO. 2:17-SW-0203 DB<br><br>[PROPOSED] ~~AMENDED~~ ORDER<br><br>**UNDER SEAL** |

### ORDER

FARA GOLD and MAURA WHITE, prosecutors from the Civil Rights Division, on behalf of the United States, have submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on the cell phone number assigned call number 702-964-4821, attributed to Eric Kindley, which is incorporated into this Order by reference.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation of unknown individuals in connection with possible violations of 18 U.S.C. §§ 242, 924(c), and 912.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that Federal Bureau of Investigation may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone number 702-964-4821, attributed to Eric Kindley A, including the date, time, and duration of the communication, and the following, without geographic limit:

    a. IP addresses associated with the cell phone device or devices used to send or receive electronic communications

    b. Any unique identifiers associated with the cell phone device or devices used to make and receive calls with cell phone number 702-964-4821, attributed to Eric Kindley, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN

    c. IP addresses of any websites or other servers to which the cell phone device or devices connected

    d. Source and destination telephone numbers and email addresses

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that ATT Mobility and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the Federal Bureau of Investigation reasonably compensate ATT Mobility and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that ATT Mobility and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the Federal Bureau of Investigation of any

changes relating to the cell phone number 702-964-4821, attributed to Eric Kindley, including changes to subscriber information, and to provide prior notice to the Federal Bureau of Investigation before terminating or changing service to the cell phone number;

    IT IS FURTHER ORDERED that the Federal Bureau of Investigation and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the Federal Bureau of Investigation, for the duration of the Order;

    IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that ATT Mobility and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall <u>not</u> disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap devices, or the investigation to any person, for 90 days, except that ATT Mobility may disclose this Order to an attorney for ATT Mobility for the purpose of receiving legal advice;

    IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Department of Justice with three certified copies of this application and Order, and shall provide copies of this Order to the Federal Bureau of Investigation and ATT Mobility upon request;

    IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

Dated: March 14, 2017

Hon. Deborah Barnes
U.S. MAGISTRATE JUDGE

AMENDED ORDER     3